**PA RECORD OUTLET, INC., Appellant,**

v.

**MELLON BANK, N.A.**

No. 89–3466.

United States Court of Appeals,
Third Circuit.

Submitted under Third Circuit Rule 12(6)
Nov. 28, 1989.

Decided Jan. 26, 1990.

David W. Lampl, Mark S. Seewald, Sable, Makaroff & Libenson, Pittsburgh, Pa., for appellant.

J. Michael McCague, Mazzotta, McCague & Associates, P.C., Pittsburgh, Pa., for appellee.

Before BECKER and SLOVITER, Circuit Judges, and LIFLAND, District Judge.*

### OPINION OF THE COURT

BECKER, Circuit Judge.

Defendant-appellee Mellon Bank, N.A. possessed a perfected security interest in the inventory of Sounds Distributing Service, Inc. When Sounds changed its name to PA Record Outlet, Inc., Mellon filed an amendment to the financing statement. This appeal presents the question whether Mellon's amendment constituted a "new" financing statement for purposes of section 9–402(7) of the Uniform Commercial Code (U.C.C.), 13 Pa.Cons.Stat.Ann. § 9402(g), which requires a "new" financing statement to be filed upon the change of name, in order to retain its security interest in the inventory of Sounds, now a Chapter 11 debtor. The bankruptcy court held that the amendment itself met all of the statutory prerequisites of a "new" financing statement and thus qualified as such for purposes of section 9–402(7), 92 B.R. 139. The district court affirmed. We agree that the amendment met all of the requirements of a "new" financing statement and qualified as such, and therefore affirm the order of the district court.

### I.

The facts are essentially undisputed. PA Record filed a Chapter 11 bankruptcy petition on January 24, 1986. Prior to December 22, 1983, when it changed its name to PA Record, it had been known as Sounds Distributing Service, Inc.

On September 22, 1978, Mellon provided Sounds with a $75,000 line of credit, in return for which Mellon received a security interest in Sounds' inventory. Sounds executed the official financing statements set

---

* Honorable John C. Lifland, United States District Judge for the District of New Jersey, sitting by designation.

out and provided for in 19 Pa.Code § 55.101(1) (Form DCSB:UCC–1) and filed them with the appropriate state and local authorities, the Secretary of the Commonwealth of Pennsylvania and the Prothonotary of Allegheny County. *See* 13 Pa.Cons. Stat.Ann. § 9401(a)(3). Continuation statements were filed in August 1983, as required by 13 Pa.Cons.Stat.Ann. § 9403(c).

On February 9, 1984, after the name change from Sounds to PA Record, debtor borrowed $300,000 from Mellon. A note and security agreement were executed for that amount. Again, debtor's inventory served as collateral. Mellon filed an official amendment form as set out and provided for in 19 Pa.Code § 55.101(2) (Form DCSB:UCC–3) with the appropriate state and local authorities. New UCC–1 financing statements were not filed. The amendment form filed by Mellon listed the debtor as "Sounds Distributing Service, Inc.," the secured party as "Mellon Bank, N.A.," and listed both their addresses. The amendment form was signed by debtor and Mellon, and stated, *inter alia*, that the debtor had changed its name to "The Pennsylvania Record Outlet, Inc.," and that the debtor had a new address, which it listed.[1] The amendment form also recited that it was filed in relation to the original state and local financing statements.

When the Secretary of the Commonwealth received the amendment, it was indexed under both "Sounds Distributing Service, Inc." and "PA Record Outlet, Inc." However, the Prothonotary of Allegheny County indexed the amendment solely under "Sounds Distributing Service, Inc.," even though the applicable procedure required the amendment also to be indexed under "PA Record Outlet, Inc."

During the ninety-day period prior to debtor's bankruptcy filing, Mellon received $116,500 from debtor toward repayment of the note. Debtor then asked the bankruptcy court to declare that those payments were preferences under 11 U.S.C. § 547, because Mellon's security interest was not properly perfected.[2] The bankruptcy court held that Mellon had retained its perfected status even though new UCC–1 financing statements had not been filed subsequent to debtor's name change, concluding that the filing of the UCC–3 amendment form was sufficient for Mellon to retain its perfected status. Debtor appealed to the district court, which affirmed. This appeal followed.

Because the present case involves only disputes of law, our review is plenary. *In re Sharon Steel Corp.*, 871 F.2d 1217, 1223 (3d Cir.1989). We apply Pennsylvania law. *In re Asbestos Litigation*, 829 F.2d 1233, 1237 (3d Cir.1987), *cert. denied sub. nom., Owens–Illinois, Inc. v. Danfield*, 485 U.S. 1029, 108 S.Ct. 1586, 99 L.Ed.2d 901 (1988).

## II.

Section 9–402(7) of the U.C.C., 13 Pa. Cons.Stat.Ann. § 9402(g), provides:

(g) Sufficiency of name of the debtor. —A financing statement sufficiently shows the name of the debtor if it gives the individual, partnership or corporate name of the debtor, whether or not it adds other trade names or the names of partners. Where the debtor so changes his name or in the case of an organization its name, identity or corporate structure that a filed financing statement becomes seriously misleading, the filing is not effective to perfect a security interest in collateral acquired by the debtor more than four months after the change, unless a new appropriate financing statement is filed before the expiration of that time. A filed financing statement remains effective with respect to collateral transferred by the debtor even though

---

**1.** Although debtor argued in the district court that it did not sign the statement, the district court concluded as a matter of fact that it did. Debtor does not challenge that determination on appeal.

**2.** 11 U.S.C. § 547 allows a trustee in bankruptcy to recover certain preferences, i.e. payments on account of antecedent debts made by the debtor prior to the filing of a bankruptcy petition. However, if the payment is of a debt secured by a security interest, such payment is not a recoverable preference. *See* 11 U.S.C. § 544(a)(3); *McLean v. City of Philadelphia*, 891 F.2d 474, 476 (3d Cir.1989).

the secured party knows of or consents to the transfer.

Debtor argues that, pursuant to the plain language of the statute, Mellon's security interest in the $300,000 note executed on February 9, 1984, was imperfect because a *new* financing statement was not filed. In this regard, it asserts that the UCC–3 amendments filed by Mellon were not new financing statements for purposes of the statute.

Mellon responds by pointing out that section 9–402(4) of the U.C.C., 13 Pa.Cons. Stat.Ann. § 9402(d), provides:

> (d) Amendments.—A financing statement may be amended by filing a writing signed by both the debtor and the secured party. An amendment does not extend the period of effectiveness of a financing statement. If any amendment adds collateral, it is effective as to the added collateral only from the filing date of the amendment. *In this division,*[3] *unless the context otherwise requires, the term "financing statement" means the original financing statement and any amendments.*

(Emphasis added.) Relying on the last sentence of this statute, Mellon argues that when it is read in conjunction with section 9–402(7), it is apparent that an amendment constitutes a new financing statement for purposes of the requirement that a new financing statement be filed upon a change in the debtor's name.

■■■■ This argument has a superficial appeal, for at first blush it appears that the term "financing statement" refers to original financing statements *and/or* amendments thereto. One court to consider the issue appears to have resolved it in this way. *See In re Meyer–Midway, Inc.,* 65 B.R. 437, 442–43 (B.Ct.N.D.Ill.1986).[4] On the other hand, it is possible that "financing statement" may refer only to previously filed financing statements into which any amendments thereto are incorporated.

In view of this ambiguity, we eschew the *Meyer–Midway* solution and rest our holding, as did the bankruptcy court, on the basis that the official UCC–3 amendment form filed by Mellon satisfied all of the requirements of a new financing statement and thus qualified as such.

Section 9–402(1) of the U.C.C., 13 Pa. Cons.Stat.Ann. § 9402(a), provides that a financing statement is sufficient if it (1) is signed by the debtor and contains its name and address; (2) contains the name and address of the secured party; and (3) contains a statement indicating the types, or describing, the items of collateral. The UCC–3 amendment form filed by Mellon contained the names and addresses of debtor and Mellon and was signed by debtor, thus satisfying all of the requirements except the requirement that it contain a statement identifying the collateral.

As to this latter requirement, we agree with the bankruptcy court that the reference in the UCC–3 form to the original financing statements on file with the appropriate state and local authorities, which contained such a description, was sufficient to comply with the statute. These statements were available for any potential future creditors of debtor to see, and potential future creditors would have been made aware of their existence from the UCC–3 form. *Cf. In re H.L. Bennett Co.,* 588 F.2d 389 (3d Cir.1978) (where financing statement identified collateral as all assets contained in security agreement, and where security agreement was neither attached to financing statement *nor otherwise publicly filed,* description of collateral was not specific enough to satisfy description of collateral requirement of 13 Pa.Cons.Stat. Ann. § 9402).

In sum, we hold that: (1) any amendment that meets all of the prerequisites of a new financing statement satisfies section 9402(g); and (2) the amendment filed here, which contained the signature of the debtor

---

**3.** Division refers to Article 9 of the U.C.C. *See* Index to Title 13 Pa.Cons.Stat.Ann. (dividing the title into nine divisions corresponding to the nine articles of the U.C.C.).

**4.** *Meyer–Midway* construed the pertinent provisions of the Illinois version of the U.C.C., Ill. Rev.Stat. ch. 26, § 9–402, which does not differ in any material respect from the Pennsylvania statute.

and the names and addresses of both the debtor and the creditor and which explicitly referenced the original filing statement that described the collateral, was sufficient to do so. Indeed, where an amendment contains all of the requirements of a new financing statement, no purpose would be served by requiring a secured creditor to file a new financing statement instead.

The order of the district court will be affirmed.